# CASES

ADJUDGED IN

# THE COURT OF CHANCERY

## OF THE STATE OF NEW JERSEY.

### MAY TERM, 1865.

---

### JAMES DOUGHERTY vs. BENJAMIN SCUDDER.

An injunction will not lie to restrain proceedings at law upon a note in the hands of a *bona fide* holder, for valuable consideration, on the ground of fraudulent representations made by the payee to the maker.

---

The complainant, by his bill, alleges that, upon the representations of Thomas M. Brown, of the firm of Brown & Shields, doing business in the city of New York, as to the character and extent of the business done by said firm, he purchased of said Brown his interest therein, for the sum of $1750. That in payment thereof, he gave to Brown two promissory notes; one for $500, payable to his order, and endorsed by Shields; the other for $1250, payable to the order of said Shields, and by him endorsed to said Brown. That subsequently, he learned that Brown's representations were false and fraudulent, that the partnership had been dissolved, that Brown had sold his interest to his partner, Shields, and that the concern was insolvent.

That Dougherty afterwards obtained an injunction against Brown, in the Superior Court of the state of New York, to prevent his negotiating or disposing of the said notes. That the said injunction, upon certain promises made by Brown to the complainant, was agreed to be dissolved, and was dissolved, upon the faith of such promises.

That Brown, after being relieved from the restraint of said injunction, assigned the said notes to the defendant in this suit; and that, thereupon, the defendant commence l an action against the complainant in the Circuit Court of the county of Essex, upon the notes so as aforesaid given by the complainant to the said Brown.

The bill prays for an injunction to restrain the defendant from proceeding in his suit. The injunction issued.

The answer alleges that the negotiation for the notes was entirely between Shields and the complainant. That of the terms of that negotiation Brown was ignorant, and was, therefore, a *bona fide* holder of said notes, and that the defendant purchased them from Brown, for valuable consideration, and in ignorance of any fraud. The defendant now moves to dissolve, upon the answer and proofs.

*Mr. Slaight*, for defendant, in support of the motion.

*Mr. Teese*, for complainant, contra.

THE CHANCELLOR. The evidence does not sustain the allegation of the bill, that the complainant's notes were given to Thomas M. Brown, to purchase his interest in the firm of Brown & Shields. The firm of Brown & Shields was dissolved on the 23d of October, 1857, ten days before the date of the notes, which are shown to have been dated on the day they were drawn. Upon the dissolution of the partnership, Brown sold his interest to his partner, Shields, for $2050, to be paid in cash. By a subsequent arrangement, he received from Shields the notes of the complainant for $1750, in part payment of the purchase money.

Admitting that the complainant was defrauded by Shields,

that the firm was insolvent, and that the consideration of the notes entirely failed, it can constitute no defence against the notes of which Brown was a *bona fide* holder. As between Brown and Shields, there is no evidence of any fraud on the part of Brown, or that he did not dispose of his interest in the partnership in entire good faith. Nor is there evidence of any fraudulent participation by Brown, in the negotiation between Shields and the complainant.

There is no ground upon which equity can retain the bill. If the complainant has any defence to the notes, it is available at law.

The injunction must be dissolved, and the bill dismissed with costs.